IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ALLEN IVORY, III**                                                         **PLAINTIFF**

**V.**                                                   **CAUSE NO. 4:24-CV-00083-JMV**

**SOSA,**
*Warden, TCCF Core Civic*, **et al.**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Allen Ivory, III, who challenges the conditions of his confinement under 42 U.S.C.§ 1983. Upon due consideration of his allegations and the applicable authority, the Court finds that Ivory's claims should be dismissed for failure to state a claim upon which relief can be granted.

## Screening Standards

Because Ivory has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a

---

[1]*See* Doc. # 9.
[2]*See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Plaintiff's Allegations and Procedural Posture

Ivory, an inmate in the custody of the Federal Bureau of Prisons was formerly housed at the Tallahatchie County Correctional Facility ("TCCF") located in Tutwiler, Mississippi. In the instant matter, Ivory complains about the living conditions while at TCCF. In particular, Ivory avers that he "slipped and fell" on July 12, 2024, and was "housed in an out of order cell due to a toilet leaking."

Ivory names TCCF Warden Sosa and TCCF Correctional Officers Griffin and Bowie as Defendants in this action. By way of relief, Ivory requests that CoreCivic (the private company that runs TCCF) pay for his "pain and suffering." On September 24, 2024, the Court entered an Order directing Ivory to show cause why his claims should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Ivory filed his response on October 3, 2024.

### Supervisor Liability

At the outset, any allegations against Warden Sosa fail to state a claim upon which relief can be granted. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be

2

held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Ivory's complaint contains absolutely no allegations of personal involvement by Warden Sosa. Moreover, in his response to the show cause order, Ivory confirmed that he named Warden Sosa as a defendant "only for his position" at TCCF. *See* Doc. # 12 at 3. Therefore, it is clear that TCCF Warden Sosa has been named as defendant in this action merely due to his position of authority at TCCF; thus, he should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

### General Conditions of Confinement

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert denied*, 493 U.S. 969 (1989) (citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n. 5 (citation omitted). Although prison officials have certain duties under the Eighth Amendment, these duties are limited to providing prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n. 10 (5th Cir. 1995)(quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). Prison conditions constitute cruel and unusual punishment, and are violative of the Eighth Amendment, *only* when such conditions result in "unquestioned and serious

deprivation of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347(1981); *see also Hudson v. McMillian,* 503 U.S. 1, 8–10 (1992) (citations omitted).

As mentioned above, Ivory complains about a slip-and-fall incident and an inoperable cell due to a leaky toilet. In response to the show cause order, Ivory avers that he was housed in the aforementioned cell for a period of twenty-four hours. Taking into account the "totality of the circumstances" *see McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), Ivory has failed to identify any "basic human need" of which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. Moreover, Section 1983 relief ordinarily cannot be predicated on exposure to conditions for limited periods of time. *See Alexander v. Tippah Cty.*, 351 F.3d 626, 631 (5th Cir. 2003) (quoting *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (finding three-day exposure to unsanitary conditions insufficient to state a claim under Section 1983); *see also Smith v. Copeland*, 87 F.3d 265, 267 (8th Cir. 1996) (four days with overflowed toilet); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 956-57 (8th Cir. 1994) (twenty-four hours with trash on floor, hair, dried mucus, spit and vomit in sink and dried feces on toilet seat); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (five days in filthy, roach-infested cell without toilet paper). Consequently, he has failed to establish a constitutional deprivation, and his claim should be dismissed.

### **Failure to Protect**

Based on his allegations in the complaint, it *was* unclear whether Ivory was asserting a claim for failure to protect him from harm; but in his response to the show cause order, Ivory represents that he has *not* raised a failure-to-protect claim. *See* Doc. # 12 at 3. Out of an abundance of caution, however, the Court notes that any such claim would fail. To establish a claim for failure to protect, the plaintiff "must show that he is incarcerated under conditions posing a substantial

risk of serious harm and that prison officials were deliberately indifferent to his needs for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(citations omitted). Deliberate indifference in this context means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference[,]" *Farmer*, 511 U.S. at 837, and "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Mere negligent failure to protect is not actionable under § 1983, nor is deliberate indifference established by an official's failure to alleviate a significant risk that the official should have perceived but did not." *Brown v. Bufkin*, 2019 WL 322002, at *4 (S.D. Miss. July 17, 2019) (citations omitted).

Ivory alleges that Officer Griffin "saw" him slip and fall, and that Officer Bowie "witnessed [him] being housed in an out of order cell due to toilet leaking." Doc. # 1 at 4. These allegations, even if true, fail to evince a deliberate indifference to his needs for protection. To be sure, Ivory does not allege that any named defendant "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" nor that any named defendant did actually "draw [that] inference." *See Farmer*, 511 U.S. 837. At most, Ivory's allegations indicate negligence on the part of the employees in not realizing a risk of danger; and claims for failure to protect cannot be predicated on mere negligence. *See Brown*, 2019 WL 322002, at *4. Accordingly, Ivory's allegations fail to state a cognizable claim for failure to protect.

### Ivory's Response to the Show Cause Order

In response to the Court's Order to Show Cause, Ivory avers that he wishes "to sue TCCF" and that this "lawsuit isn't against a certain individual." Doc. #12 at 3. Ivory further asserts that "[t]his lawsuit is for my allegations of negligence . . . ." *Id.* at 4. Ivory additionally *seems* to take issue with medical care provided following his slip and fall incident. *See id.* at 1-2.

5

*TCCF and CoreCivic*

As to Ivory's desire to sue TCCF, that claim too would fail. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). In Mississippi, jails and prisons are not amenable to suit. *Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss. Sept. 30, 2015); *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss. Aug. 11, 2015). Hence, pursuant to Mississippi law, TCCF lacks the capacity to be sued under 42 U.S.C. § 1983, and any claim against it would necessarily be dismissed with prejudice for that reason.

*If* Ivory is attempting to assert a claim against CoreCivic, the private company that operates TCCF, that claim would also fail. While CoreCivic may presumably be a state actor for purposes of § 1983, it is not liable for the torts of its employees. *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Thus, Ivory must show some link between the constitutional violation alleged and some CoreCivic policy or custom in order for liability to attach to CoreCivic. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (holding that the policy must be the "moving force" behind the constitutional violation). Ivory has not identified any policy or custom of CoreCivic alleged to have caused the harm he purports to have suffered. Consequently, he cannot maintain an action against CoreCivic.

*Negligence*

Next, as to Ivory's declaration that his "lawsuit is for . . . negligence", he fails to state a claim upon which relief can be granted. This is so because mere negligent conduct by prison officials, without more, does *not* rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

*Medical Care*

Lastly, regarding the *potential* claim regarding medical care, Ivory's allegations fail to state a claim upon which relief may be granted. To prevail on an Eighth Amendment claim for denial and/or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*.

In this case, Ivory alleges that he was immediately taken to TCCF/CoreCivic medical following his fall; TCCF then took him to the emergency room in Clarksdale, Mississippi. Doc. # 12 at 1. Upon his return to TCCF, he was provided a wheelchair, but allegedly denied his medicine requests. Ivory, therefore, was not denied medical treatment nor did he suffer a delay of treatment. While he seemingly takes issue with the treatment rendered, he did in fact receive treatment. Moreover, Ivory has not identified a substantial harm from the alleged denial of his medicinal

requests nor do the allegations indicate that the denial exacerbated or worsened the alleged injury. Further, Ivory's mere disagreement with medical treatment provided by TCCF officials does not state a claim for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir.2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). The Court additionally notes that Ivory is no longer housed at TCCF. In sum, Ivory's allegations concerning medical care fail to state a claim upon which relief can be granted.

### Conclusion

Based on the foregoing discussion, the Court finds that Ivory has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Ivory is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 10th day of October, 2024.

/s/ Jane M. Virden
**JANE M. VIRDEN**
**UNITED STATES MAGISTRATE JUDGE**